# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM SANABRIA<br><br>             Petitioner,<br>vs.<br><br>DERRALL G. ADAMS, Warden<br><br>             Respondent. | CASE NO. 04cv2334 JM(WMc)<br><br>ORDER VACATING CLERK'S JUDGMENT OF SEPTEMBER 13, 2006; DENYING CERTIFICATE OF APPEALABILITY |

<u>The September 13, 2006 Judgment</u>

Without having received any objections to Magistrate Judge McCurine's Report and Recommendation re: Dismissal of the Petition for Writ of Habeas Corpus as Time Barred ("R & R"), on September 7, 2006 the court adopted the R & R in its entirety. Shortly thereafter the court received Petitioner's untimely objections on September 18, 2006.[1]  Even though the objections were untimely, the court considered the objections and, on September 20, 2006, the court entered another order adopting the R & R.

In its September 20, 2006 order, the court inadvertently failed to vacate the September 13, 2006 clerk's judgment. The court hereby vacates that judgment to permit Petitioner an enlargement of time of about eight days to file a Notice of Appeal

///

---

[1] The court notes that any objections to the R & R were to be filed by August 30, 2006. Under the prison mailbox rule, the earliest the objections could be deemed filed is September 1, 2006, as that is the date Petitioner signed the objections. Accordingly, the objections were untimely.

1  should he so desire.  In sum, the court vacates the clerk's judgment of September 13,
2  2006 and notes that the time for filing a Notice of Appeal began to run upon entry of
3  the clerk's judgment on September 21, 2006.

<u>Certificate of Appealability</u>

Petitioner raises three arguments in support of his motion for a certificate of appealability to appeal the dismissal of his petition for writ of habeas corpus as time barred.  First, Petitioner contends that the court did not consider his objections.  As set forth above, this argument misconstrues the record.  The objections were considered.  Second, Petitioner contends that he was entitled to additional tolling of the statute of limitations pursuant to California Rule of Court 28.  This argument is not persuasive as Petitioner's conviction became final 40 days after the California Court of Appeal filed its opinion.  <u>Smith v. Duncan</u>, 297 F.3d 808, 813 (9th Cir. 2002).  Even accepting Petitioner's argument, the 30 day period of California Rule of Court 28 is less than the 40 day period which was applied in his case.  As such, Petitioner cannot demonstrate any prejudice.  Finally, Petitioner contends that an additional period of equitable tolling should apply to his case because the prison law library was inadequate.  This argument was raised and addressed in the R & R.

In sum, Petitioner fails to make a substantial showing of the denial of a constitutional right.  Accordingly, the request for a certificate of appealability is denied.  <u>See</u> 28 U.S.C. §2253(c)(2).

**IT IS SO ORDERED.**

DATED:  October 18, 2006

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties